**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**GAIL LYNN CULLEY,**

      **Plaintiff,**

-vs-                                                **Case No. 6:11-cv-1078-Orl-DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

_____

**MEMORANDUM OPINION AND ORDER**

This cause came on for consideration without oral argument on review of Defendant's denial of Plaintiff's application for Supplemental Security Income benefits under the Social Security Act. For the reasons set forth herein, the decision of the Commissioner is **REVERSED and the matter is REMANDED under sentences four of 42 U.S.C. § 405(g)**, for further proceedings.

# Procedural History

Plaintiff applied for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, alleging disability as of June 15, 2005 (R 97-99, 29, 106). Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested an administrative hearing before an administrative law judge ("the ALJ"). Plaintiff appeared without counsel or other representative at the administrative hearing held before ALJ Dean Determan on June 2, 2009 (R. 52). On August 12, 2009, an unfavorable decision was issued (R. 15-27). That decision was signed by Robert Spurlin "for Dean W. Determan." (R. 27).[1]

---

[1] Neither Plaintiff nor the Commissioner has raised this as an issue. As the Court is reversing the administrative decision for other reasons, it need not address *sua sponte* this unexplained irregularity.

Following issuance of the ALJ's decision, Plaintiff obtained counsel, forwarded additional evidence (R. 4-5) and requested administrative review (R. 11). The Appeals Council denied Plaintiff's request for review (R. 1-6), rendering the ALJ's decision final. See 20 C.F.R. §§ 416.1481, 422.210(a) (2011). Plaintiff filed the instant action and the parties consented to the jurisdiction of the United States Magistrate Judge. The matter has been fully briefed and the final decision of the Commissioner is now ripe for review.

## Nature of Disability Claim

Plaintiff claims to be disabled due to seizures and epilepsy and residuals of same (R. 111).

*Summary of Evidence before the ALJ*

Plaintiff was forty three years old at the time of the ALJ's decision (R. 97), with a high school education, two years of college (R. 62, 117), and past relevant work experience as a secretary, waitress, sales clerk, and photographer (R. 63, 112).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and in the interests of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of treating providers within the pertinent time period, the record includes the opinions of state agency consultants, the forms and reports completed by Plaintiff with respect to this claim, as well as the testimony of Plaintiff at the hearing. No vocational expert appeared or testified. By way of summary, the ALJ found that Plaintiff had the severe impairments of seizure disorder and hypothyroidism, and the record supports this uncontested finding (R. 20). The ALJ determined that Plaintiff's impairments did not meet or medically equal one of the impairments listed in the Listing of Impairments (the Listings), 20 C.F.R. pt. 404, subpt. P, app. 1 (R. 21), and determined that Plaintiff retained the residual functional capacity ("RFC") to perform " a full range of work at all exertional levels but with the following nonexertional limitations: capable

of basic, simple tasks and follow simple instructions." (R. 22). The ALJ concluded that Plaintiff was unable to perform her past relevant work (R. 26) but, applying the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, and Appendix 2 ("the Grids"), determined that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform and she was therefore not disabled (R. 26-27).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.,* 357 F.3d at 1240 n. 8 (internal citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises several issues in objection to the administrative decision, including: 1) whether the ALJ failed to properly evaluate the opinions of the examining and treating physicians; 2) whether the ALJ erred in failing to find Plaintiff's mental impairment to be severe; 3) whether the ALJ failed to fully develop the record; 4) whether it was error to fail to obtain testimony from a vocational expert; and 5) whether the Appeals Council erred in not reviewing or remanding for consideration of the new and material evidence submitted. Upon review, the Court agrees that the record is insufficiently developed and, for the reasons set forth below, finds that the matter must be remanded for additional proceedings.

**The five step evaluation**

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the ALJ proceeded through the fifth step of the evaluation. As Plaintiff objects to the finding at step two and

its impact on the formulation of the RFC and the rest of the sequential evaluation, the Court begins its analysis there.

**Step two**

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521.[2] An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. The ALJ has a duty to consider all impairments, both singly and in combination, when making an analysis of disability. 20 C.F.R. § § 404.1523 and 416.923.

A remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r of Social Security,* 265 F.3d 1214, 1219 (11th Cir. 2001). A mere diagnosis, however, is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to

---

[2]Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. *Rodriguez v. Astrue ,* 2011 WL 486118, 3 (M.D. Fla. 2011) (internal citations omitted).

interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986).

Plaintiff asserts that the ALJ erred in failing to find that she had mental impairments which were severe within the meaning of step two. In his decision, the ALJ set forth the findings pertaining to Plaintiff's mental impairment allegations, but he did not identify her depression as a "severe" impairment at step two.

As summarized by the ALJ and as set forth in more detail in the briefs, it is undisputed that Plaintiff suffered from a seizure disorder and accompanying residuals. It is also undisputed that Plaintiff has a history of alcohol abuse and accompanying difficulties. The record shows numerous hospitalizations following seizure activity, sometimes presenting with an elevated blood alcohol level and sometimes not. Regardless of the suspected origin of the seizures, the records are replete with presentations of confusion, delirium or unresponsiveness post-seizure. *See, e.g.*, R. 273-74, 277, 362, 393, and 432.

Further, Plaintiff was hospitalized twice pursuant to Florida's Baker Act, which provides for same upon a finding that a person is a danger to himself or others. On September 22, 2006, Plaintiff was seen "crawling around in the street," unable to remember her name, birthday, or address (R. 252). Upon a certification by the law enforcement officer that she was a danger to herself, she was admitted to Wuestoff Hospital and diagnosed with depression (R. 248-50). Her blood alcohol level was "none detected." (R. 257). On September 2, 2008, Plaintiff was again hospitalized under the Baker Act (R. 404). The incident report states that Plaintiff had gone to a friend's house and became verbally abusive, removed all of her clothing, and began to yell and scream (*Id.*). Clinical impression included

psychosis (R. 431) and "acute delirium of uncertain cause" (R. 433). Her alcohol level was elevated (R. 432).

In addition to the medical reports, the administrative record contains other evidence of depression, confusion or impairment. Plaintiff testified that she was "very depressed." (R. 58). In a Disability Report, Plaintiff stated: "I am sick and very depressed. I want to die!" (R. 148). She reported great difficulty with her memory (R. 145, 108), and an agency employee noted claimant's difficulties "caused delays in interview." (R. 108).

The Plaintiff's burden at step two is light. Regardless of whether Plaintiff's confusion and depression are physical manifestations of the seizure activity or are stand alone mental impairments, their effect is "more than minimal" and inclusion of these difficulties should have been made at step two. However, "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see also Heatly v. Comm'r of Soc. Sec.*, 382 Fed. Appx. 823 (11th Cir. 2010). Here, consistent with the regulations and applicable law, the ALJ credited Plaintiff with other severe impairments at step two and proceeded forward with the sequential evaluation. Thus, if Plaintiff's mental limitations should have been included as severe at step two, the omission is only error if the ALJ subsequently failed to fully account for functional limitations arising from it. Here, although the ALJ did discuss Plaintiff's "seizure disorder/affective disorder tendencies" (R. 26), the Court finds the record is insufficiently developed to evaluate whether the ALJ fully accounted for the functional limitations in the remaining analysis.

**Formulation of The RFC**

In this circuit, "where a claimant has presented a colorable claim of mental impairment, the Social Security Regulations require the ALJ to complete a [Psychiatric Review Technique Form],

-7-

append it to the decision, or incorporate its mode of analysis into his findings and conclusions." *Moore v. Barnhart,* 405 F.3d 1208, 1214 (11th Cir. 2005). This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. *Id.* at 1213-14, citing 20 C.F.R. § 404.1520a-(c)(3-4). The ALJ is required to incorporate the results of this technique into the findings and conclusions. 20 C.F.R. § 404.1520a-(e)(2). Failure to do so requires remand. *Id.* at 1214. While the ALJ did incorporate the PRTF into his decision (R. 21-22), the form itself (R. 448-461) was prepared by a non-examining state agency consultant. The Court finds that, because the record regarding the effect of the mental limitations was not fully developed, the conclusions reached in the PRTF are not supported by substantial evidence.

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Given that Plaintiff was unrepresented at hearing, *see Smith v. Schweiker,* 677 F. 2d 826, 819 (11th Cir. 1982), and in view of her demonstrated difficulties with memory and confusion which make it far less likely that she would be able to effectively develop the record herself, the failure to obtain a consultative evaluation, recontact her treating physician for clarification regarding limitations arising from her impairments, or otherwise develop the record with respect to these impairments cannot be said to be harmless.[3]

---

[3]"In general, the ALJ should re-contact a medical source when the evidence received from that source is inadequate to determine whether the claimant is disabled. 20 C.F.R. § 416.912(e). Under Social Security Ruling 96-5p, the ALJ must make "every reasonable effort" to re-contact a medical source when the medical evidence does not support the source's opinion, and the ALJ cannot ascertain the basis for that opinion from the case record. S.S.R. 96-5p (Cum. Ed.1996)." *Vesy v. Astrue,* 353 Fed.Appx. 219, 225 (11th Cir. 2009). Although this appears to be the case here, as discussed *infra,* the ALJ did not re-contact the treating physician for clarification or additional information.

-8-

To be clear, the Court is not finding that Plaintiff's memory problems, confusion and depression are disabling or are even stand alone "impairments" and not merely symptoms or residuals of the established seizure disorder/epilepsy. Rather, the Court finds that the record on this point is simply not developed sufficiently to evaluate the conclusions reached by the ALJ.[4] As such, the case must return for additional development.

While the above is dispositive of this case, the Court also notes that remand is necessary to further consider the opinions of the treating physician, as set forth in the new evidence presented to the Appeals Council.

**Opinions of the Treating Physician**

Generally speaking, substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

---

[4] As just one example, the ALJ specifically noted that Plaintiff's memory problems "do not preclude routine work activity" (R. 26) and the RFC formulated by the ALJ allows for "a full range of work at all exertional levels" limited only by the ability to perform basic, simple tasks and the ability to follow simple instructions (R. 22) In his brief, the Commissioner contends that this limitation is "subsumed in the Grid's administrative notice of "unskilled" work." (Doc. No. 19). Yet the ALJ also found that Plaintiff has "seizure disorder/affective disorder tendencies which precludes performance of her past relevant work" (R. 26). That work included what appears to be unskilled work (a secretary/clerk whose duties included only "answer phones, send mail," an order tech for a fruit grove). Absent a more developed medical and vocational record, it is unclear what the "tendencies" are which preclude past work but do not preclude other unspecified unskilled work.

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

Here, the record before the ALJ includes several opinions of the treating neurologist that "because of her medical problems, I do not believe she is able to work full time in a regular position." (*see, e.g.,* R. 301). In his determination, the ALJ discredited this opinion, noting that Plaintiff called her doctor's office and requested a letter from him stating that she is unable to work and he provided the letter.[5] The ALJ further found that:

> the opinion expressed is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion. Dr. Hoffman's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled and the doctor did not specifically address this weakness.
> Although Dr. Hoffman stated that the claimant is 'not able to work full time at a regular job/or position,' it is not clear that the doctor was familiar with the definition of 'disability' contained in the Social Security Act and regulations. Specifically, it is possible that the doctor was referring solely to an inability to perform the claimant's past work, which is consistent with the conclusions reached in this decision.

---

[5]The Court does not find this fact to constitute evidence that the opinion is not legitimate. While it is true that Plaintiff *requested* an opinion letter from her physician, there is nothing to suggest that she dictated or otherwise demanded the particular opinion offered. Merely asking for a letter from your doctor does not justify the conclusion that the opinions offered by the doctor are coerced or untrue.

-10-

(R. 25-26).

Thus, the ALJ found that the opinion was not "clear" and supporting evidence for the opinion was not sufficiently provided. As noted above, despite this lack of clarity, the ALJ did not re-contact the treating physician for additional information.

Following issuance of the unfavorable decision and upon retention of counsel, Plaintiff sought review before the Appeals Council and submitted additional treating records and evidence (R. 470-495). That evidence included a questionnaire completed by Plaintiff's treating neurologist, reflecting that the doctor treated Plaintiff during the time period at issue, and which purports to address in greater detail the medical limitations of Plaintiff's condition and clarifying the specific vocational limitations applicable to Plaintiff (R. 492-495). The Appeals Council acknowledged receipt of the evidence but did not discuss it.

The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007). When a claimant submits additional evidence to the Appeals Council and argues to the court that the Appeals Council erred in denying review, the Court must determine whether the Commissioner's decision is supported by substantial evidence on the record as whole. Here, the material is new, certainly material and reflects evidence that is chronologically relevant and responsive to the ALJ's assertions. While the Court would normally look with a jaundiced eye on evidence which *could* have been sought and made available prior to the administrative decision, it appears that the delay in obtaining the detailed opinion was likely due to Plaintiff's unrepresented status and the nature of her claimed impairment. In any event, as remand is warranted to further develop the record with respect to Plaintiff's mental limitations, the

Commissioner should review and evaluate the opinions of the treating and examining physicians anew.[6]

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and was not made in accordance with proper legal standards. As the administrative decision was not made in accordance with proper legal standards, it is **REVERSED and the matter is REMANDED** under sentence four of 42 U.S.C. § 405(g), with instructions to fully evaluate, consider and explain the weight given to each of the medical opinions; more fully develop the record and evaluate the mental impairment/symptoms of confusion and depression; and conduct any additional proceedings deemed appropriate. The Clerk is directed to enter judgment accordingly, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on June 28, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[6] In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. Jan. 24, 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1986)).